IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERNUS MILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:24-cv-00149-ECM-SMD |
| ) | |
| JOHN Q. HAMM, in his official ) capacity as the Commissioner of the ) Alabama Department of Corrections, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT HAMM'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Defendant John Q. Hamm, in his official capacity as the Commissioner of the Alabama Department of Corrections, by and through undersigned counsel, submits his answer to Plaintiff Vernus Miles's First Amended Complaint (doc. 25) in light of this Court Memorandum Opinion and Order (doc. 34).

**INTRODUCTION**

1. Hamm admits that Miles was a Correctional Lieutenant at Limestone Correctional Facility (Limestone) in August 2022 and was assigned to the night shift. Hamm admits that as a Lieutenant on the night shift, Miles would have been one of the highest-ranking security officers, and if Miles was the highest-ranking security officer, he would have been considered a shift commander.

2. Hamm admits the facts as stated in this paragraph.

3. Hamm admits that Limestone's designed capacity is 1,628 and its population fluctuates, which in turn means the percentage for the capacity fluctuates. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

1

4. Hamm admits that ADOC has experienced staff shortages. He further admits that ADOC staffing has been the subject of legislative hearings, lawsuits, and news reports. Hamm admits that ADOC has been under a court order to increase its staffing levels.

5. Hamm can neither admit nor deny this paragraph as Miles does not indicate where he obtained the information in this paragraph.

6. Hamm admits that in August 2022, Limestone reported 32 assaults, which is more assaults than other facilities. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

7. Hamm denies the allegations as stated in this paragraph and demands strict proof thereof.

8. Hamm admits that news outlets report on issues at ADOC. Hamm further admits that Miles spoke on anonymity to a Huntsville news outlet, who disguised Miles' voice for the interview. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

9. Hamm admits that Miles spoke to the media. Hamm further admits that Miles had only two disciplinary actions in his personnel file. Hamm admits that Miles was dismissed from state service. Hamm denies the remainder of allegations as stated in this paragraph and demands strict proof thereof.

**JURISDICTION AND VENUE**

10. Hamm admits that Miles has brought this suit pursuant to 42 U.S.C. § 1983. Hamm denies the remainder of the allegations and demands strict proof thereof.

11. Hamm admits the facts as stated in this paragraph.

12. Hamm admits the facts as stated in this paragraph.

## PARTIES

13. Hamm admits the facts as stated in this paragraph.

14. Hamm admits the facts as stated in this paragraph.

15. Hamm admits that he is currently the Commissioner of ADOC, the state agency that administers Alabama's prison system. Hamm admits that he was appointed to the position of Commissioner effective January 1, 2022. Hamm admits that he is the final policymaker and appointing authority for ADOC, including the decision to separate Miles from state service. Hamm admits that pursuant to this Court's Memorandum Opinion and Order, he is sued only in his official capacity. Doc. 34.

16. Pursuant to this Court's Memorandum Opinion and Order, doc. 34, Hamm states that Chadwick Crabtree has been dismissed from this litigation, and this paragraph does not require a response.

## FACTUAL ALLEGATIONS

17. Hamm admits that ADOC has been the subject of public and legal scrutiny in Alabama for many years pertaining to understaffing and overcrowding at its correctional facilities. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

18. Hamm admits that ADOC is involved in the case known as *Braggs v. Dunn*, Civil Action No. 2-14-cv-601 (M.D. Ala.).

19. Hamm admits that the United States Department of Justice (DOJ) began a statewide investigation under the Civil Rights of Institutionalized Persons Act into the conditions at Alabama's major male correctional facilities in 2016. Hamm admits that some of the matters that

3

DOJ has reviewed are excessive force by correctional officers, inmate-on-inmate violence, sexual abuse of inmates, and living conditions.

20. Hamm asserts that the DOJ reports speak for themselves.

21. Hamm asserts that the DOJ reports speak for themselves.

22. Hamm asserts that the DOJ reports speak for themselves.

23. Hamm asserts that the DOJ reports speak for themselves.

24. Hamm asserts that the DOJ reports speak for themselves.

25. Hamm asserts that the DOJ reports speak for themselves.

26. Hamm asserts that the DOJ reports speak for themselves.

27. Hamm asserts that the Annual Report for Fiscal Year 2018 speaks for itself.

28. Hamm asserts that the Annual Report for Fiscal Year 2019 speaks for itself.

29. Hamm asserts that the public documents speak for themselves.

30. Hamm admits the facts as stated in this paragraph.

31. Hamm admits that he regularly speaks in public about ADOC staffing. Hamm can neither admit nor deny the remainder of the information as he is not aware of where Miles obtained said information.

32. Hamm admits that other people associated with ADOC have spoken publicly about ADOC staffing. Hamm also admits that Stacy George, a former correctional officer and political candidate, has made statements about ADOC.

33. Hamm admits that WAAY TV Channel 31 News in Huntsville aired a story on or about August 11, 2022, about ADOC's understaffing.

34. Hamm admits that reporter Matt Kroschel interviewed at least two ADOC employees. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

35. Hamm admits that a recording of at least one of the ADOC employees, whose voice was disguised, was played as part of the news report. Hamm can neither admit nor deny the accuracy of the transcription as stated in this paragraph.

36. Hamm admits that the ADOC employees' names and ranks were not given. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

37. Hamm admits that the news report played screenshots of Limestone's Standard Operating Procedure (SOP) for Staffing. Hamm asserts that this SOP speaks for itself.

38. Hamm admits that the news report stated that the inmate to officer ratio was 200 to 1.

39. Hamm admits that WAAY TV Channel 31 broadcast a similar story later the same day. Hamm admits there was a discussion of ADOC's internal documents about the staffing at Limestone. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

40. Hamm admits that it was reported that when officers are out sick or assigned to hospital duty it will reduce the number of officers on each shift.

41. Hamm admits that this is the title of the article published by WAAY TV 31 on August 12, 2022.

42. Hamm admits that the reporter Matt Kroschel made the statements that are reflected in this paragraph.

43.     Hamm can neither admit nor deny whether WAAY TV 31 never publicly identified the names or ranks of the employees in the news report.

44.     Hamm admits the facts as stated in this paragraph.

45.     Hamm admits the facts as stated in this paragraph.

46.     Hamm admits that Wardens Crabtree and Estes questioned Miles about the WAAY TV 31 reports and whether he provided the ADOC documents about staffing levels to the reporter. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

47.     Hamm admits that Miles initially denied to Wardens Crabtree and Estes any knowledge of the news reporter, but later, Miles admitted to speaking with the news reporter. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

48.     Hamm admits the facts as stated in this paragraph.

49.     Hamm admits that Miles informed Wardens Crabtree and Estes that he shared his computer credentials with other supervisors. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

50.     Hamm admits that Miles continued to deny that he shared the ADOC documents with WAAY TV 31.

51.     Hamm denies the allegations as stated in this paragraph and demands strict proof thereof.

52.     Hamm denies the allegations as stated in this paragraph and demands strict proof thereof.

53.     Hamm admits the facts as stated in this paragraph.

54. Hamm admits that Miles was called to Warden Crabtree's office on August 19, 2022. Hamm admits that Miles was given a copy of Administrative Regulation 5 and placed on mandatory annual leave. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

55. Hamm admits that Miles may not have heard from Warden Crabtree until September 29, 2022, when Miles was directed to appear at Limestone; however, Miles did have various communications with ADOC. *See* Doc. 25-4 at 3.

56. Hamm admits that Warden Crabtree served Miles with the pre-dismissal paperwork. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

57. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

58. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

59. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

60. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

61. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

62. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

63. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

64. Hamm admits that Miles made these statements in his notice of appeal. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

65. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

66. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

67. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

68. Hamm admits that the ALJ, in his recommendation, made these statements in the Recommendation section. Hamm admits that the ALJ did not address Miles' First Amendment rights. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

69. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

70. Hamm admits the facts as stated in this paragraph and demands strict proof thereof.

71. Hamm admits that Miles was the A-Night Lieutenant and would have been one of the highest-ranking security officers on duty at Limestone during his shift, and at times, he would have been considered the Shift Commander. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

72. Hamm admits that the job responsibilities listed in this paragraph would have been some of Miles' responsibilities.

73. Hamm admits the facts as stated in this paragraph.

74. Hamm admits that Miles was rated Meets Standards, Exceeds Standards, or Consistently Exceeds Standards, with only two disciplinary actions in his career. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

75. Hamm admits the facts as stated in this paragraph.

76. Hamm admits the facts as stated in this paragraph.

77. Hamm admits the facts as stated in this paragraph.

78. Hamm admits that Miles scored 38 Consistently Exceeds Standards in June 2022. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

79. Hamm admits the facts as stated in this paragraph.

## CAUSES OF ACTION

### COUNT I: 42 U.S.C. § 1983 – RETALIATION
### Violation of the First Amendment
*Plaintiff against Defendants in their individual capacities*

80. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

81. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

82. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

83. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

84. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

85. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

86. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

87. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

### COUNT [II]: U.S.C. § 1983 – RETALIATION
### Violation of the First Amendment – Supervisory Liability
*Plaintiff against Defendant Hamm in his individual capacity*

88. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

89. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

90. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

91. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

92. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

93. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

94. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

95. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

96. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

97. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

98. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

99. This paragraph does not require a response as the Court dismissed this count with prejudice. Doc. 34.

**COUNT III: 42 U.S.C. § 1983 – RETALIATION**
**Violation of the First Amendment**
*Plaintiff against Defendant Hamm in his official capacity*

100. Hamm repeats and reasserts his responses to Paragraphs 1-79 as if fully set forth in this Count.

101. Hamm admits that he was acting under color of state law.

102. Hamm admits the facts as stated in this paragraph.

103. Hamm denies the allegations as stated in this paragraph and demands strict proof thereof.

104. Hamm denies the allegations as stated in this paragraph and demands strict proof thereof.

105. Hamm admits that Limestone is a major correctional facility in the Huntsville, Alabama area. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

106. Hamm denies the allegations as stated in this paragraph and demands strict proof thereof.

107. Hamm denies the allegations as stated in this paragraph and demands strict proof thereof.

108. Hamm admits that ADOC has a written policy pertaining to Public Information, which is known as AR 005. Hamm denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

109. Hamm denies the allegations as stated in this paragraph and demands strict proof thereof.

110. Hamm denies the allegations as stated in this paragraph and demands strict proof thereof.

111. Hamm denies the allegations as stated in this paragraph and demands strict proof thereof.

## PRAYER FOR RELIEF

Hamm denies that Miles is entitled to any relief, especially the relief enumerated in subparagraphs 1 through 6, and demands strict proof thereof.

## JURY DEMAND

This paragraph does not require a response.

## DEFENSES AND STATEMENT OF POSITION

To the extent that any allegations or claims in Miles's First Amended Complaint require an answer at this time and they have not been admitted herein, they are denied. Now having answered each paragraph of Plaintiff's First Amended Complaint, Hamm does not assume the burden of proof on any articulated defense, except as required by applicable law with respect to the particular defenses asserted. Additionally, Hamm expressly disavows any intent to waive defenses by operation of Rule 12(h) of the Federal Rules of Civil Procedure and reserves the right to assert additional defenses and/or otherwise to supplement.

1. Miles's First Amended Complaint fails to state a claim upon which relief may be granted.

2. Hamm is entitled to Eleventh Amendment and qualified immunities.

3. Hamm pleads the general defense.

4. Hamm alleges Miles has suffered no legal loss damage because of his action or inaction.

5. Hamm asserts each defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

6. Miles's claims are barred to the extent Plaintiff seeks remedies beyond those that he would be entitled to receive under the statutory provisions or Constitutional amendments at issue.

7. Miles is not entitled to a jury trial on his equitable relief.

8. Miles is not entitled to equitable relief as he has not suffered irreparable harm and has adequate remedies at law.

9. To the extent that Miles's claims are fraudulently brought, they are barred.

10. Miles cannot recover punitive damages against Hamm for any of his claims. Furthermore, Miles would not be entitled to an award of punitive damages, as he has not sufficiently pled and cannot prove facts sufficient to support an award under applicable law. Hamm pleads all defenses made available to it by the United States Supreme Court's decision in *Kolstad v. American Dental Association*, 119 S. Ct. 2118 (1999), as well as all other statutes, case law and constitutional principles and limitations.

11. No action by Hamm proximately caused any injury or damage allegedly suffered by Miles.

12. Miles has failed to properly mitigate his alleged damages to the extent any exist.

13. Miles's claims are barred to the extent he failed to exhaust his administrative remedies.

14. Hamm asserts Plaintiff violated the rules, policies, and regulations of ADOC.

15. Hamm asserts the defenses of unclean hands and/or waiver.

16. To the extent that the Eleventh Amendment has not been abrogated or otherwise waived, it protects Hamm from suit. Hamm then asserts his absolute qualified immunities.

17. Miles's claims for damages are limited in whole or in part by statute.

18. Hamm asserts that Miles did not speak as a citizen on a matter of public concern but as an employee.

19. Hamm asserts that Miles spoke to the media on ADOC security matters.

20. Hamm reserves the right to amend his answer at a later date.

Respectfully submitted,

Steve Marshall,
*Attorney General*

/s/ Tara S. Hetzel
Tara S. Hetzel
*Deputy Attorney General*

State of Alabama
Office of Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Tara.Hetzel@AlabamaAG.gov

*Counsel for Defendant Hamm*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2025, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will send notification of the same to all counsel of record.

/s/ Tara S. Hetzel
Of counsel